UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60820-CIV-COHN/SELTZER

JOHNNY VALENTINO GARCIA RAMIREZ,
JIMMY WILDO GARCIA RAMIREZ,
and all others similarly situated,

       Plaintiffs,

v.

STEVE NICHOLAS, d/b/a G. Julianos,

       Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Partial Summary Judgment [DE 34] ("Motion").  The Court has carefully reviewed the Motion and all related filings and is otherwise fully advised in the premises.

## I.    Background

Plaintiffs Johnny Valentino Garcia Ramirez ("Johnny") and Jimmy Wildo Garcia Ramirez ("Jimmy") originally filed this action against Defendant Steve Nicholas on April 8, 2013.  See DE 1 (Pls.' Compl.).  In their current First Amended Complaint, Plaintiffs allege that they were employed at Defendant's restaurant—Johnny as a dishwasher and cleaner, and Jimmy as a chef—from December 21, 2010, to March 15, 2013.  See DE 26 at 2, ¶¶ 8-9.  Plaintiffs claim that throughout this period, Defendant did not pay them overtime wages as required by the Fair Labor Standards Act ("FLSA").  See id. at 3-4, ¶¶ 14-15; 29 U.S.C. § 207(a)(1).  In addition, Johnny contends that Defendant failed to pay him minimum wages in accordance with the FLSA and the

Florida Minimum Wage Act ("FMWA").  See DE 26 at 5, ¶ 18; id. at 8, ¶¶ 26-27;

29 U.S.C. § 206(a)(1); Fla. Stat. § 448.110.[1]

Plaintiffs further allege that they meet the requirements for both "individual

coverage" and "enterprise coverage" under the FLSA's wage provisions:

> 10.  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period.  Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

> 11.  Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

> 12.  Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, and 2012.

> 13.  Upon information and belief, the Defendant's gross sales or business is expected to exceed $500,000 for the year 2013.

DE 26 at 3; see 29 U.S.C. §§ 206(a), 207(a)(1); Josendis v. Wall to Wall Residence

Repairs, Inc., 662 F.3d 1292, 1298-99 (11th Cir. 2011).

In his Answer, Defendant denies Plaintiffs' allegations concerning their

employment, failure to receive wages owed, and FLSA coverage.  See DE 30 at 2-3.

---

[1]  Although Plaintiffs' Complaint also purports to bring claims on behalf of other similarly situated employees, see DE 26 at 1-2, Plaintiffs have not moved to certify an FLSA collective action.  See 29 U.S.C. § 216(b); Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258-62 (11th Cir. 2008).  Therefore, only Plaintiffs' individual claims are at issue here.

Defendant also pleads several defenses, including that Plaintiffs are not covered by the FLSA:

> 23.  Plaintiffs' claims are barred because Defendant's business activities do not affect interstate commerce.
>
> 24.  Plaintiffs' claims are barred because Defendant's gross sales for 2010 did not exceed $500,000 annually.
>
> 25.  Plaintiffs' claims are barred because Defendant's gross sales for 2011 did not exceed $500,000 annually.
>
> 26.  Plaintiffs' claims are barred because Defendant's gross sales for 2012 did not exceed $500,000 annually.
>
> 27.  Plaintiffs' claims are barred because Defendant's gross sales for 2013 are not expected to exceed $500,000 annually.
>
> 28.  Plaintiffs' claims are barred because Defendant's employees are not involved in interstate commerce.

Id. at 2-4.

On August 23, 2013, Plaintiffs filed their present Motion.  See DE 34.  Plaintiffs argue that they are entitled to summary judgment on the issue of enterprise coverage, or at least on the interstate-commerce element of such coverage.  See 29 U.S.C. § 203(s)(1)(A).  The parties have fully briefed the Motion and have submitted various evidence in support of their arguments.

## II.  Discussion

### A.  Summary Judgment Standards

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine

issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy

this burden, the movant must point out to the court that "there is an absence of

evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production

shifts, and the non-moving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to

properly support an assertion of fact or fails to properly address another party's

assertion of fact . . . the court may . . . grant summary judgment if the motion and

supporting materials—including the facts considered undisputed—show that the movant

is entitled to it." Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest

upon the mere allegations or denials in its pleadings" but instead must present "specific

facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573,

1576-77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had an ample opportunity to

conduct discovery, it must come forward with affirmative evidence to support its claim.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of

evidence supporting the opposing party's position will not suffice; there must be enough

of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at

1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not

significantly probative, summary judgment may be granted." Anderson, 477 U.S. at

249-50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the

evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." Id. at 249.  In making this determination, the Court must discern

which issues are material:  "Only disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary judgment.

Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, in deciding a summary-judgment motion, the Court must view the facts in the

light most favorable to the non-moving party and draw all reasonable inferences in that

party's favor.  See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### B.    Analysis of Plaintiffs' Motion

The FLSA's minimum- and overtime-wage provisions apply to "employees who in

any workweek" are (1) "engaged in commerce or in the production of goods for

commerce," or (2) "employed in an enterprise engaged in commerce or in the

production of goods for commerce."  29 U.S.C. §§ 206(a), 207(a)(1).  These alternative

requirements for FLSA coverage are known respectively as "individual coverage" and

"enterprise coverage." Josendis, 662 F.3d at 1298-99.  To pursue a claim for unpaid

wages, "an employee must first demonstrate" that he is "subject to either type, or both

types, of FLSA coverage." Id.[2]

Here, while Plaintiffs' Complaint pleads both individual and enterprise coverage,

their Motion is limited to enterprise coverage.  The Court's analysis will therefore focus

on whether Plaintiffs are "employed in an enterprise engaged in commerce or in the

production of goods for commerce."  29 U.S.C. §§ 206(a), 207(a)(1).  The FLSA defines

---

[2]  The FMWA provides that "[o]nly those individuals entitled to receive the federal
minimum wage under the federal Fair Labor Standards Act and its implementing
regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X
of the State Constitution and this section."  Fla. Stat. § 448.110(3).  Thus, the Court's
discussion of Plaintiffs' FLSA coverage applies equally to Johnny's FMWA claim.

the phrase "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that (1) has at least two employees "engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has "annual gross volume of sales made or business done [of] not less than $500,000."  29 U.S.C. § 203(s)(1)(A); see Josendis, 662 F.3d at 1317.  "Enterprise" means "the activities performed by a person or persons who are (1) engaged in 'related activities,' (2) under 'unified operation or common control,' and (3) have a 'common business purpose.'"  Josendis, 662 F.3d at 1299 (quoting 29 U.S.C. § 203(r)(1)).  "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).

The only evidence submitted by either side regarding the first element of enterprise coverage—the connection with interstate commerce—is Defendant's responses to certain requests for admission:

> 20.  Admit or deny that materials handled by Plaintiffs during their employment with Defendants, travelled in interstate commerce prior to Plaintiffs handling those materials.
>
> Admit.
>
> 21.  Admit or deny that Defendants had two or more employees that handled materials during the year 2010 that had travelled in interstate commerce.
>
> Deny.
>
> 22.  Admit or deny that Defendants had two or more employees that handled materials during the year 2011 that had travelled in interstate commerce.
>
> Admit.

      23.  Admit or deny that Defendants had two or more employees that handled materials during the year 2012 that had travelled in interstate commerce.

      Admit.

DE 35-1 at 4.

      Plaintiffs argue that these responses "satisf[y] the interstate commerce prong required for enterprise coverage."  DE 34 at 1; see id. at 3.  Defendant does not contest that his admissions regarding the years 2011 and 2012 establish the interstate-commerce requirement for those two years.  See DE 40 at 2, ¶ 1 (Def.'s Statement of Material Facts).  Yet disputed issues of fact remain about whether this requirement is also met for 2010 and 2013—the other two years in which Plaintiffs claim to have worked for Defendant.  As reflected above, Defendant denied Plaintiffs' request for admission concerning 2010, and Plaintiffs did not ask about 2013.  Also, while Defendant admitted that Plaintiffs handled interstate-commerce materials during their employment, Defendant disputes the alleged dates of that employment.  See DE 30 at 2, ¶¶ 8-9 (denying Plaintiffs' employment allegations); DE 35-1 at 2, ¶¶ 3-4 (denying requests for admission about Plaintiffs' claimed dates of employment).  The Court thus declines to grant summary judgment to Plaintiffs on the interstate-commerce element of enterprise coverage.[3]  Nevertheless, since there is no genuine dispute that Plaintiffs satisfy the interstate-commerce requirement for both 2011 and 2012, the Court will treat those facts as established in the case.  See Fed. R. Civ. P. 56(g).

---

    [3]  Plaintiffs cite language from an Eleventh Circuit decision suggesting that a restaurant would meet the interstate-commerce requirement if it "use[d] interstate cooking equipment as an article to perform its commercial activity of serving food." Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1225 (11th Cir. 2010) (per curiam).  This argument fails, however, because the summary-judgment record contains no evidence about the source of Defendant's cooking equipment or whether two or more employees used that equipment.  See 29 U.S.C. § 203(s)(1)(A)(i).

7

Plaintiffs further contend that record establishes the second element of enterprise coverage—that Defendant had annual gross sales or business done of at least $500,000. See 29 U.S.C. § 203(s)(1)(A)(ii). Defendant disputes this point, claiming that his business "did not make even close to $500,000." DE 39 at 4 n.1. Having thoroughly reviewed the record, the Court finds that a genuine dispute of material fact exists on this issue as well.

Plaintiffs have submitted affidavits stating that Defendant regularly disclosed to them "how much money the restaurant made in a day." DE 35-2 at 1, ¶ 5 (Aff. of Jimmy Wildo Garcia Ramirez); DE 35-3 at 1, ¶ 5 (Aff. of Johnny Valentino Garcia Ramirez). According to Plaintiffs' calculations, "[t]he weekends alone would bring in around $790,000 a year," not counting a doubling of business during "the busy season." DE 35-2 at 1, ¶¶ 9-11; DE 35-3 at 1, ¶¶ 9-11. But in his own affidavit, Defendant rejects Plaintiffs' estimates and claims that the restaurant's gross earnings for 2011 and 2012, respectively, were around $65,000 and $85,000. See DE 41 at 3, ¶¶ 18-19 (Aff. of Steve Nicholas). This vast difference between the parties' testimony creates a factual dispute about whether Defendant meets the $500,000 revenue requirement for enterprise coverage.[4] The Court may not make the credibility determinations needed to

---

[4] Although the parties have submitted other evidence concerning Defendant's revenue, much of that evidence is vague, irrelevant, or otherwise inadmissible, at least in its current form. Defendant has filed two years of checking-account statements for his business, but he does not explain how the listed transactions reflect his gross sales. See DE 58-59. The same problem exists with the menu and restaurant photos offered by Defendant. See DE 56-57. And while Defendant has filed substantially identical affidavits from seven persons "associated with" his restaurant, none of those affiants disclose how they have personal knowledge of Defendant's sales. See DE 42-48. Further, Plaintiffs have submitted deposition excerpts from Defendant and his accountant, in an effort to show that Defendant's tax returns (not in the record) were fabricated and that his financial oversight was poor. See DE 35-4; DE 61-1. Assuming that this testimony has some probative value, it does not conclusively resolve the factual dispute raised by the parties' affidavits.

resolve this conflict; only the jury may do so.  See Anderson, 477 U.S. at 255

("Credibility determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions, not those of a judge, whether he is ruling on

a motion for summary judgment or for a directed verdict.").  For this reason too,

Defendant is not entitled to summary judgment on the question of enterprise coverage.

### III.    Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Plaintiffs' Motion for Partial Summary Judgment [DE 34] is **DENIED.**

2.    Calendar call remains set for **October 24, 2013, at 9:00 a.m.**, and trial is

scheduled for the two-week period commencing **October 28, 2013, at 9:00 a.m.**

3.    By no later than the time of calendar call, Plaintiffs' counsel shall update the

Court on the status of the potentially conflicting trial noted in Plaintiffs' recent

Status Report [DE 66].  See Alonso v. Tepa Mar Y Tierra Inc., Case No. 3:11-cv-

01783-O (N.D. Tex. filed July 25, 2011).  The docket in that case reflects that it is

being handled by Plaintiffs' counsel's Dallas office.  And as the Court observed

in its prior Order Regarding Notices of Conflicts [DE 38], "because Plaintiffs are

represented by multiple attorneys, some of those lawyers may be able to cover"

any conflicting trial.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 11th day of October, 2013.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF